## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

STEVEN GOAL                                                                                                    PLAINTIFF

v.                                            Case No. 5:09-CV-00137

RETZER RESOURCES INC., RETZER
GROUP INC., MIKE RETZER and
MCDONALD'S RESTAURANT OF
HELENA NO. 5425                                                                                          DEFENDANTS

### OPINION AND ORDER

Steven Goal commenced this action against Retzer Resources Inc., Retzer Group Inc., Mike Retzer individually, and McDonald's Restaurant of Helena No. 5425, alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act (ADA) and Arkansas Civil Rights Act (ACRA); race discrimination in violation of Title VII, the ACRA, and 42 U.S.C. § 1981; and violations of the Family and Medical Leave Act (FMLA) and Fair Labor Standards Act (FLSA). The defendants have filed a motion to dismiss or in the alternative for partial summary judgment. For the following reasons, that motion to dismiss is granted in part and denied in part.

### I.

On October 24, 2008, Goal filed an EEOC charge of discrimination alleging that he was terminated on October 2, 2008, because of his disability and in violation of the ADA. In his charge, Goal only checked the box indicating disability discrimination. The EEOC sent Goal a letter dated January 28, 2009, informing him that the investigation into his charge of disability discrimination had been completed. On February 4, 2009, Goal filed another EEOC charge, this time alleging retaliation and race discrimination in addition to disability discrimination. On February 12, 2009,

the EEOC issued Goal a right to sue letter in reference to his initial charge and informing him that he must file suit on his ADA charge within 90 days of receipt of the letter. Goal then commenced this action on May 13, 2009, alleging multiple violations of law.

The defendants have filed a motion to dismiss Goal's claims. Goal does not dispute dismissal of the following claims: any claims against the Retzer Group Inc.; claims under the FMLA; and any claims for sex discrimination. Without objection, those claims are dismissed. Goal contests defendants' motion as it relates to his other claims.

## II.

The defendants first argue that Goal has failed to exhaust his administrative remedies on his Title VII claims of race discrimination and retaliation. To file a Title VII claim, Goal must first exhaust his administrative remedies by (1) timely filing a charge of discrimination with the EEOC and (2) receiving notice of the right to sue. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). Goal had to file his administrative charge within 180 days of the alleged discriminatory incident. 42 U.S.C. § 2000e-5(e)(1); *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 796 (8th Cir. 1998).

The alleged discriminatory incident occurred on October 2, 2008. Goal filed both his initial charge of disability discrimination and his subsequent charge of race discrimination and retaliation within 180 days of the alleged discriminatory incident. He received his right to sue letter eight days after he filed his second charge of discrimination, but that letter was based only on his initial charge of disability discrimination. Because Goal filed the instant action based on a right to sue letter relating only to his disability discrimination charge, and because Goal has not received a right to sue letter on anything other than that charge, the defendants argue that Goal has failed to exhaust his

administrative remedies with respect to his Title VII claims for race discrimination and retaliation.

In response, Goal argues that his Title VII claims should not be dismissed due to the EEOC's failure to issue a right to sue letter, citing to *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091 (4th Cir. 1982). In that case, the Fourth Circuit noted that the EEOC's failure to issue a notice cannot defeat a plaintiff's right to sue in federal court. *Perdue*, 690 F.2d at 1093. Instead, the prerequisite for federal district court jurisdiction is "entitlement to a 'right to sue' notice, rather than its actual issuance or receipt." *Id.*

*Perdue* is distinguishable, however, from the present action. There the EEOC closed its investigation because the plaintiff and defendant had entered into a settlement agreement, and the EEOC refused to reopen the matter after the agreement was subsequently breached. *Id.* The Fourth Circuit's holding was based in equity: that equity regards as done that which ought to have been done. *Id.* at 1093-94. Here, counsel for Goal filed a second EEOC charge, adding two new claims of discrimination after having received notice that the EEOC's investigation was complete. About one week later, Goal received his right to sue letter, but that letter references only the charge number of his initial charge of disability discrimination. Under 42 U.S.C. § 2000e-5, the EEOC should have served notice of the second charge on Goal's employer within ten (10) days, but there is nothing to indicate that the defendants received such notice or have been given the opportunity to file an administrative response to Goal's second charge.

Goal asserts that the defendants failed to cite a case holding that his second EEOC charge could not be filed or that an administrative charge cannot be amended. That may be true, but it does not change the undisputed fact that Goal has not yet exhausted his administrative remedies with respect to Title VII claims for race discrimination or retaliation. "Title VII does not authorize the

filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 2000e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief.  If plaintiffs could sue before then, then time of the courts and of lawyers would be wasted with cases that ended up being resolved or abandoned at the administrative level." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003).

Goal filed his second charge within the 180 day statutory period, but his right to sue letter only references the charge number assigned to his initial EEOC charge. Unlike in *Perdue*, the EEOC has not refused to issue Goal a right to sue letter because of a breached settlement agreement. Rather, there is nothing to indicate that the EEOC has reviewed or processed the second charge, which was faxed into the EEOC by an employee of Goal's attorney.  It is impossible to determine for certain whether the EEOC's right to sue letter encompasses both of Goal's charges.  Under 29 C.F.R. § 1601.28(e), the notice of right to sue sent to Goal should have included a copy of the charge on which the notice was based, but the submitted exhibits do not indicate whether a copy of the corresponding charge was included with Goal's right to sue letter.

Even if the right to sue letter did encompass the second charge, there is no evidence that the EEOC gave notice of the race discrimination and retaliation claims to Goal's employer. Twenty-nine C.F.R. § 1601.12(b) allows for amendment of a charge: "A charge may be amended . . . to clarify and amplify allegations made therein.  Such . . . amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." Forty-two U.S.C. § 2000e-5(b) and (e)(1) require that "[w]henever a charge is filed by or on behalf of a person claiming to be aggrieved," the EEOC must serve notice of the charge on the employer within ten days and then

conduct an investigation. *See also* 29 C.F.R. § 1601.14(a). Goal's second charge made two new legal claims of discrimination, of which his employer should have been notified and which the EEOC should have investigated. "As part of each investigation, the [EEOC] will accept any statement of position or evidence with respect to the allegations of the charge which . . . the respondent wishes to submit." 29 C.F.R. § 1601.15(a). There is no evidence that Goal's employer had the opportunity to submit statements or evidence with respect to the race discrimination and retaliation allegations contained in Goal's second, or amended, charge. Although the issuance of a notice of right to sue terminates further proceedings on a charge, 29 C.F.R. § 1601.28(a)(3), there is no way for the Court to determine, based on the submitted exhibits, whether Goal's right to sue notice terminated further EEOC proceedings on his second charge. At this point, the Court can only determine with certainty that Goal's second charge, if received by the EEOC, served to amend or add to his first charge; that Goal's employer was not put on administrative notice by the EEOC of Goal's allegations of race discrimination and retaliation; and that Goal's employer did not administratively respond to the second charge. Since Goal filed his second charge within the statutory period, those claims are not time-barred—but they are premature for a civil suit since the administrative process has not yet been exhausted. Therefore, Goal's Title VII claims for race discrimination and retaliation are premature and dismissed without prejudice.

### III.

The defendants also move to dismiss Goal's FLSA, Title VII, § 1981, and ACRA claims for failure to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to

relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964-65 (citations omitted). Stated differently the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

The defendants argue that paragraphs 14 and 35-37 of Goal's complaint contain only conclusory allegations and are insufficient to support his FLSA claim under the heightened pleading standard articulated in *Twombly*. Those paragraphs read as follows:

> 14. Defendant's [sic] caused and knew of Steven Goal working far in excess of a forty hour week without receiving compensation for those hours much less overtime. They took advantage of his disability to do this. Goal's duties were such that he was required to be paid overtime.
>
> . . .
>
> 35. Based on the foregoing, Defendants have violated the FLSA.
>
> 36. As a direct and proximate cause of all Defendants [sic] acts or omissions,

> Plaintiff has lost wages.
>
> 37. Defendant's [sic] conduct has been in willful violation of the law.

In support, the defendants cite the Court to several cases dismissing FLSA claims that were based on conclusory allegations: *DeLeon v. Time Warner Cable, LLC*, No. CV 09-2438 (C.D. Cal. July 17, 2009); *Harding v. Time Warner, Inc.*, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa Mar. 20, 2008). However, those cases each involved collective or class actions under FLSA and generalized allegations that purportedly applied to the entire class of plaintiffs. In this case, the complaint asserts an FLSA claim only for one plaintiff, Goal.

Furthermore, the defendants have failed to recognize other allegations in Goal's complaint, besides those contained in paragraphs 14 and 35-37, that support his FLSA claim:

> 7. Goal was employed at McDonald's in Pine Bluff as a maintenance man, cook, and grill manager.
>
> 8. The grill manager position is what he was told he had, but it appears this was stated to him falsely as a way of pacifying him so that he would work long overtime hours without pay or without time and a half. In fact he was not given managerial duties or authority.
> . . .
> 10. . . . . The managers would also take part in [taunting him.] They would make Goal work a lot of overtime and then not pay him or not pay him enough, saying that they would take care of him later, which they never did.

The Court finds that the complaint's allegations relevant to the FLSA claim meet the pleading standards articulated in *Twombly* and reiterated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The allegations are not conclusory in nature and, unlike the cases cited by the defendants, do not apply broadly to an entire class of FLSA plaintiffs. The complaint states facts sufficient to support a claim for relief under the FLSA.

As to Goal's claims of race discrimination under Title VII, § 1981, and the ACRA, the defendants contend that "the entirety of [Goal's] claim of race discrimination is encompassed in" paragraph 31, which reads:

> 31. Based on the foregoing, Defendants Retzer Resources and McDonald's have violated Title VII and the ACRA. All Defendants have violated 42 U.S.C. [§] 1981. They have done this based on his work environment, pay, and termination.

The defendants then assert that "[f]or the reasons discussed in greater detail above, [Goal's] race claims do not meet the *Iqbal* and *Twombly* standard and are properly dismissed," without directing the Court to the location of those reasons, or providing further argument as to how the complaint has failed to allege facts sufficient to support a claim for race discrimination.

Goal's complaint alleges facts sufficient to support a claim for race discrimination. The complaint alleges that Goal is an African-American; that he was falsely told he was a grill manager as a means of pacifying him into working overtime; that other employees would laugh at and tease him; that they would call him "boy;" that the ringleader of the taunting was the owner's son, a Caucasian; that the overall work environment caused him to have a mental breakdown; and that he was terminated in October 2008. Although some of the factual allegations may relate more directly to Goal's claim of disability discrimination, he has alleged several facts that could support his claims for race discrimination. The Court has dismissed Goal's Title VII claim without prejudice for failure to exhaust his administrative remedies, meaning that he can proceed on his race discrimination claims only under § 1981 and the ACRA.

Finally, the defendants argue that the Title VII, ADA, and ACRA claims against Mike Retzer individually should be dismissed because such claims cannot be made against a defendant in his

8

individual capacity. In response, Goal points out that the defendants have not moved for dismissal of the § 1981 and FLSA claims against Retzer individually, so those claims remain. Goal also says that he is not pursuing Title VII or ADA claims against Retzer individually, but that his claim under the ACRA is one for retaliation and is properly made against an individual defendant.

In support, the defendants cite the Court to *Layton v. Mark Starring & Associates, Inc.*, 2009 WL 1973445 (E.D. Ark. July 7, 2009), in which the court dismissed an ACRA claim against an individual defendant "because there is no individual liability under Title VII, and the ACRA is analyzed int eh same manner as Title VII[.]" *Id.* at *3. However, in that case the complaint alleged only an ACRA claim for hostile work environment against the individual defendant. The complaint alleged an ACRA retaliation claim against the employer, Mark Starring & Associates. *Id.* at *2. That case does not stand for the proposition that a retaliation claim under the ACRA cannot be made against a defendant in his individual capacity, since no such claim was made there. As Goal notes in his response brief, courts in this district have held that the ACRA allows for retaliation claims against defendants in their individual capacities. *See Wilson v. Zeigler*, Case No. 3:03CV00306 WRW (E.D. Ark. June 1, 2004) (citing *Vineyard v. EWI, Inc.*, Case No. 4:02CV00609 GTE (E.D. Ark. Dec. 16, 2002)).[1]

The portion of the complaint relevant to a claim against Retzer individually under the ACRA reads as follows: "Based on the foregoing, all Defendants have violated the ACRA by retaliating against him for seeking accommodation in the form of medical leave." Arkansas Code Annotated § 16-123-108 prohibits retaliation: "No *person* shall discriminate against any individual because

---

[1]Notably, Judge Wilson authored the opinions in both *Layton* (relied on by the defendants and distinguished from the present case) and *Zeigler*, which expressly held that the ACRA does provide for a retaliation claim against an individual

such individual in good faith has opposed any act or practice made unlawful by this subchapter or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter" (emphasis added). A plain reading of the retaliation section of the ACRA shows that the prohibition applies to individual persons as well as corporate employers. Therefore, Goal's complaint states a claim for relief against Retzer in his individual capacity for retaliation under the ACRA.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss or in the alternative for partial summary judgment is GRANTED IN PART and DENIED IN PART. The motion to dismiss or for partial summary judgment on Goal's Title VII claims for race discrimination and retaliation is GRANTED, and those claims are dismissed without prejudice. Without objection, the motion to dismiss or for partial summary judgment on the FMLA and sex discrimination claims is GRANTED. The motion to dismiss the Retzer Group Inc. is GRANTED. The motion to dismiss or for partial summary judgment on the FLSA claims as well as the § 1981 and ACRA race discrimination claims is DENIED. The complaint made no Title VII or ADA claims against Mike Retzer individually, but the motion to dismiss or for partial summary judgment on the ACRA retaliation claim against him is DENIED. Docket #13.

IT IS SO ORDERED this 22nd day of December, 2009.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE