**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

STEVEN GOAL                                                                                                    PLAINTIFF

v.                                       No. 5:09CV00137 JLH

RETZER RESOURCES, INC.;
MIKE RETZER; and MCDONALD'S
RESTAURANT OF HELENA NO. 5425                                                     DEFENDANTS

**ORDER**

The defendants have filed a motion to recover attorneys' fees and expenses incurred in connection with the deposition of plaintiff, Steven Goal, which he failed to attend. The motion states that counsel for the defendants traveled by car from Jackson, Mississippi, to Pine Bluff, Arkansas, on April 20, 2010, to depose Goal on the morning of April 21, 2010. Goal, however, did not appear. Defendants incurred attorneys' fees, travel expenses, and court reporter expenses, in connection with the deposition.

Goal's attorney has responded. The response states that Goal suffers from a serious mental illness that effects his ability to make rational decisions, that the termination from his employment has placed him and his family, including an infant, in dire financial straits, which has resulted in his being evicted. The eviction, in turn, resulted in Goal losing his contact with his lawyers. The response also states that counsel for Goal has offered to drive him to Jackson, Mississippi, for the deposition so that no prejudice would be incurred.

Rule 37(d) of the Federal Rules of Civil Procedure provides that the Court may order sanctions if a party fails to attend his deposition. Sanctions may include directing that certain matters be established for purposes of the action; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed;

dismissing the action or proceeding in whole or in part; rendering default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

Based on the representations of plaintiff's counsel, it does not appear that Goal has the resources to pay the attorneys' fees and expenses incurred by the defendants as a result of the scheduled deposition that Goal failed to attend. Moreover, if plaintiff's counsel transports Goal to Jackson, Mississippi, for the deposition the defendants would be in substantially the same position they would have been in had Goal attended the deposition in Pine Bluff, Arkansas, except for the fact that the defendants will have incurred an additional court reporter's expense. Therefore, the Court orders that Goal reimburse the defendants for the court reporter expense in the amount of $186.85 and that Goal travel to Jackson, Mississippi, to be deposed there. Goal will not be required to reimburse the defendants for attorneys' fees or travel expenses. Goal's mental illness and indigency, coupled with his lawyer's willingness to transport him to Jackson, Mississippi, to be deposed, make an award of those expenses unjust.

IF GOAL FAILS TO COMPLY WITH THIS ORDER, ADDITIONAL SANCTIONS MAY RESULT, UP TO AND INCLUDING DISMISSAL OF THE ACTION.

IT IS SO ORDERED this 28th day of May, 2010.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE