**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**STEVEN GOAL** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 5:09-cv-00137-JLH**

**RETZER RESOURCES INC., RETZER GROUP INC., MIKE RETZER and MCDONALD'S RESTAURANT OF HELENA # 5425** **DEFENDANTS**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**COME NOW**, Defendants[1] Retzer Resources Inc. ("Retzer Resources" or "the Company"), Michael Retzer, Jr. ("Retzer, Jr.") and McDonald's Restaurant of Helena # 5425, by and through their attorneys of record and respectfully submit this Motion for Summary Judgment as follows.

1. On the morning of October 2, 2008, Plaintiff Steven Goal ("Goal" or "Plaintiff) went to work at the McDonald's restaurant in Pine Bluff, Arkansas, after admittedly having failed to take his prescribed medication for schizophrenia and bipolar for at least six (6) months.

2. Co-workers later recounted Goal's violent and destructive acts, including direct threats of physical violence toward his supervisors and co-workers. While armed with a box cutter, Goal related to a 911 operator that he felt like hurting himself and others, and testified he was "hearing voices."

3. Police officers and fire fighters converged on the restaurant and Goal was taken to the hospital in an ambulance. After hearing co-workers' accounts of Goal's actions that morning,

[1] Pursuant to the Court's December 22, 2009 Order, Defendant Retzer Group, Inc. was dismissed from the instant lawsuit. See Pacer Docket Entry No. 27 (Opinion and Order).

supervisory employees of Retzer Resources terminated Plaintiff's employment that same day, based on the reports of his inappropriate workplace conduct.

4. At this stage in the litigation, Plaintiff has the following surviving[2] claims: (1) disability discrimination pursuant to the Americans with Disabilities Act ("ADA"), (2) retaliation pursuant to the ADA, (3) disability discrimination and retaliation pursuant to the Arkansas Civil Rights Act ("ACRA"), (4) race discrimination pursuant to 42 U.S.C. § 1981 ("Section 1981") and the ACRA, and (5) violation of the Fair Labor Standards Act ("FLSA") The claims against individual Defendant Retzer, Jr. are for: (6) race discrimination pursuant to Section 1981, (7) disability retaliation under the ACRA, and (8) individual liability under the FLSA.

5. Defendants deny the allegations in Plaintiff's Complaint. Plaintiff's ADA discrimination claim is properly dismissed because he was not disabled for purposes of the ADA and under the Act, he was not a qualified individual due to his failure to control his condition with his prescribed medication. Defendants had a legitimate non-discriminatory reason to terminate Plaintiff, after receiving reports of his inappropriate conduct and threats of violence against supervisors and co-workers. Plaintiff's ADA retaliation claim is properly dismissed, both for failure to exhaust administrative remedies as well as on the merits. There also is no basis to Plaintiff's disability discrimination and retaliation claims under the ACRA against the Company and Retzer, Jr. Plaintiff cannot establish a *prima facie* case for his race discrimination claims pursuant to Section 1981 and the ACRA, and his Section 1981 claim is also collaterally estopped. Plaintiff has no admissible evidence to support his FLSA claims against the Company or Retzer, Jr. All claims asserted against named Defendant McDonald's Restaurant of Helena #

[2] Pursuant to the Court's December 22, 2009 Order as to Defendants' Motion to Dismiss and/or Motion for Partial Summary Judgment, , Plaintiff's Title VII claims for race discrimination and retaliation were dismissed, as were Plaintiff's claim of sex discrimination and violation of the Family and Medical Leave Act. See Pacer Docket Entry No. 27 (Opinion and Order).

5425 are properly dismissed because it is not a legal entity subject to suit and has no factual or legal bearing whatsoever on the instant case. Summary judgment should be granted as to all of Plaintiff's claims.

6. In addition to Defendants' Memorandum in Support of Motion for Summary Judgment, Defendants also offer the following exhibits in support of their Motion for Summary Judgment:

(a) Complaint, Attached as Exhibit "A";

(b) Answer and Affirmative Defenses, Attached as Exhibit "B";

(c) Excerpts of Steven Goal Deposition, Attached as Exhibit "C";

(d) Affidavit of Hal Burt, Attached as Exhibit "D";

(e) Application of Steven Goal, Attached as Exhibit "E";

(f) Emergency Room Report of Steven Goal, Attached as Exhibit "F";

(g) Affidavit of Tracey Chatman, Attached as Exhibit "G";

(h) Affidavit of Michael Retzer, Jr., Attached as Exhibit "H";

(i) Statement of Taiwanda Craig, Attached as Exhibit "I";

(j) Statement of LaTashia Litzsey, Attached as Exhibit "J";

(k) Statement of Carolyn Pearson, Attached as Exhibit "K";

(l) Application for Unemployment Insurance Benefit, Attached as Exhibit "L";

(m) ADWS Notice of Agency Determination, Attached as Exhibit "M";

(n) Arkansas Appeal Tribunal Decision of Hearing Officer, Attached as Exhibit "N";

(o) Application Summary for Disability Insurance Benefits, Attached as Exhibit "O";

(p) EEOC Charge, Attached as Exhibit "P";

(q) EEOC Dismissal and Notice of Rights, Attached as Exhibit "Q";

(r) Time and Payment Records, Attached as Exhibit "R";

(s) Affidavit of Susie Giachelli, Attached as Exhibit "S".

7. In a time when incidents of workplace violence have unfortunately become more commonplace, this case illustrates the tightrope employers must walk. Contrary to Plaintiff's claims, the ADA does not require employers to accommodate violent or potentially violent employees at the risk of being held liable if that employee later hurts someone.

8. For the reasons set forth herein and in Defendants' Memorandum in Support of Motion for Summary Judgment, Defendants respectfully request the Court grant Summary Judgment as to all of Plaintiff's claims, and that all costs of this action be assessed to Plaintiff.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: */s/Mark Fijman*

Mark Fijman, MB #99153
Mark N. Halbert, MB #100048
4270 I-55 North
Jackson, Mississippi 39211-6391
P. O. Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: fijmanm@phelps.com
halbertm@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, MARK FIJMAN, do hereby certify that on September 15, 2010, I electronically filed the foregoing *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Lucien Ramseur Gillham, Esq.
Luther Oneal Sutter, Esq.
HARRILL & SUTTER, PLLC
P. O. Box 2012
Benton, AR 72018
(501) 315-1910
lucien.gillham@sbcglobal.net
luthersutter@yahoo.com

***ATTORNEYS FOR PLAINTIFF***

SO CERTIFIED, this the 15th day of September, 2010.

/s/Mark Fijman
**MARK FIJMAN**