IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN GOAL                                                                                          PLAINTIFF

v.                                        No. 5:09CV00137 JLH

RETZER RESOURCES, INC.;
MIKE RETZER; and MCDONALD'S
RESTAURANT OF HELENA NO. 5425                                                DEFENDANTS

## ORDER

Three motions in limine are pending: the defendants' motion in limine regarding stray remarks; the defendants' motion in limine to exclude undisclosed witnesses; and the defendants' motion in limine to exclude any reference to the plaintiff being diagnosed with bipolar disorder, schizophrenia or any mental disorder unsupported by expert medical testimony.

In an order granting in part and denying in part the defendants' motion for summary judgment, the Court has already stated that it cannot rule as a matter of law that the remarks at issue are stray remarks. Therefore, the motion in limine regarding stray remarks is denied. Document #48.

The defendants also move to exclude six individuals listed as witnesses who were not identified or disclosed during discovery. In response, the plaintiff states that he only intends to call two of the witnesses at issue, Ken Harris and Roy Grice. The plaintiff had previously disclosed that he might call as witnesses employees who may have knowledge of the matters at issue in the case. According to the plaintiff's response, Ken Harris and Roy Grice were identified by the defendants in interrogatory responses as being employed while the plaintiff was employed by the defendants, but the contact information was inadequate. The plaintiff has recently come into contact with Grice and Harris. It appears that the plaintiff has acted with due diligence in discovering and disclosing

the identities of witnesses and that the defendants will not suffer unfair prejudice from allowing Harris and Grice to testify since they were identified by the defendants as persons with potential knowledge. Therefore, the motion in limine is denied as to Ken Harris and Roy Grice. The motion in limine is granted as to Corey Goldman, Cedric Graves, Diana Harris, and Kayla Shepard. Document #56.

Finally, the defendants have filed a motion in limine to exclude any reference to the plaintiff being diagnosed with bipolar disorder, schizophrenia, or any other mental disorder unsupported by expert medical testimony. The defendants are correct that the plaintiff does not have the expertise to offer testimony regarding a diagnosis under the Diagnostic and Statistical Manual for Mental Disorders. The defendants are also correct that the plaintiff may not testify as to what a physician has told him regarding his diagnosis. On the other hand, the plaintiff can testify as to what he told his supervisors regarding his mental illness, what his symptoms have been over the years, what physicians and other healthcare professionals he has seen for treatment, what medications he has taken, what the effect of the medications are on him, and other such information that is within the realm of his personal knowledge and observation. Therefore, the motion in limine is granted in part and denied in part. Document #58.

IT IS SO ORDERED this 10th day of November, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE